**AMERICAN GOLF CORPORATION d/b/a Walden on Lake Houston Golf and Country Club, Appellant,**

v.

**Joy COLBURN and James Colburn, Appellees.**

**No. 14–00–01575–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 2001.

Daniel J. Kasprzak, Thomas Duncan Kennedy, Houston, for appellant.

Thomas A. Niederhofer, Baytown, for appellees.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

## OPINION

DON WITTIG, Senior Justice.

This is an appeal from a declaratory judgment action construing a restrictive covenant regulating the collection of fees charged to homeowners by their subdivision's country club. After a bench trial, the court below held the imposition of a quarterly "Minimum Spending Charge" imposed by the country club to be unauthorized. We review the construction of the covenant *de novo* and affirm.

## Background

Mr. and Mrs. Colburn (the "Colburns") reside in the Walden on Lake Houston Subdivision. As residents, they are members of the Walden on Lake Houston Golf and Country Club (the "Club"). The Colburns are subject to the Declaration of Covenants, Conditions and Restrictions for Walden on Lake Houston (the "Declaration"). Paragraph 4(a) of the Declaration authorizes the Club to impose and collect dues. It states, in pertinent part:

> Subject to the terms of this Section 4, every Owner of a Lot ... shall ... be an athletic and social member of the Walden on Lake Houston Golf and Country Club ... Each athletic and so-

---

* Senior Justice Don Wittig sitting by assign-    ment.

cial member shall pay, in accordance with subparagraph (d) of this section, Golf and Country Club athletic and social membership dues to that Club in the manner and amounts determined for such members by the Club, subject to such reductions as the Club, in its discretion, may authorize. Any increase in such dues shall not exceed the amount of increase authorized by computation provided in the Golf and Country Club authorizing documents, such computation to be based upon the Consumer Price Index for Urban Wage Earners and Clerical Workers, Houston, Texas, all Items.

Paragraph 4(d) states, in pertinent part:

Athletic and social membership dues and other Club charges, together with interest at the highest rate permitted by applicable law, shall be a charge personally to an athletic and social member and shall be a charge and a continuing lien for the benefit of the Golf and Country Club on the Lot owned by such member in the same fashion as the General Assessment owed to the Association.

After a change in ownership of the Club, the Club operators, American Golf Corporation ("American Golf"), imposed a "Minimum Dining Fee" on athletic and social members in the amount of $75.00 per quarter. This fee, sometimes also referred to as a "Minimum Spending Fee," was to be assessed by American Golf viz-a-viz the Declaration. The Colburns sought a declaratory judgment challenging the right to charge the fee under the Declaration. American Golf counterclaimed seeking a determination that the fee was in fact authorized under the Declaration and seeking to collect unpaid minimum spending fees owed by the Colburns. After a bench trial, the court below held the imposition of a quarterly "Minimum Spending

Charge" imposed by the Country Club to be unauthorized. The court filed findings of fact and conclusions of law, and denied both parties' requests for attorney's fees. The Colburns do not cross-appeal.

## Issues on Appeal and Standard of Review

■ American Golf raises five issues on appeal. It alleges the trial court improperly inserted new terms into the Declaration, failed to use the proper standard of construction for the restrictive covenants, failed to find that American Golf had the discretion to impose the charges in question, failed to award past-due minimum dining charges, and failed to award attorney's fees. We first address whether the court properly found that American Golf lacked authority to impose the charges under the Declaration. As to a question of law, our review is de novo. See Ostrowski v. Ivanhoe Property Owners Improvement Ass'n, 38 S.W.3d 248, 253 (Tex.App.—Texarkana 2001, no pet.). Resolution of the remaining issues follows.

## Authority for Fees under the Declaration—Issues Two and Three

■ American Golf appeals the trial court's holding that the Minimum Dining Fees were not authorized under the Declaration. In a separate but related point of error, American Golf argues that the trial court failed to construe the Declaration liberally, as required by the Texas Property Code. In construing the covenant, our primary task is to determine the intent of the framers. See Oldfield v. City of Houston, 15 S.W.3d 219, 223 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (citing Highlands Management Co. v. First Interstate Bank of Texas, N.A., 956 S.W.2d 749, 752 (Tex.App.—Houston [14th Dist.] 1997, pet. denied)). We first must determine

whether the deed restriction is ambiguous. *Id.* at 224. Whether an instrument is ambiguous is a question of law. *Id.* (citing *Candlelight Hills Civic Ass'n, Inc. v. Goodwin,* 763 S.W.2d 474, 477 (Tex.App.—Houston [14th Dist.] 1988, writ denied)). If a document is deemed to be unambiguous, then its construction is also a question of law. *Id.* Like any contract, deed restrictions are "unambiguous as a matter of law if [they] can be given a definite or certain legal meaning." *Id.* (quoting *Grain Dealers Mut. Ins. Co. v. McKee,* 943 S.W.2d 455, 458 (Tex.1997)).

We agree with the trial court that paragraph 4(a) of the Declaration is unambiguous. The *only charges* that may be levied under the Declaration in this case are "dues." The fees charged in this case are not "dues" within the meaning of paragraph 4(a).[1] Instead, the charges are for food and drink. American Golf contends that paragraph 4(d) allows for the imposition of charges other than dues. As we discuss below, paragraph 4(d) clearly does not create, or permit the Club or its agents to create, extra charges beyond the dues referenced in paragraph 4(a).

■ In support of its argument that the fees were authorized under the Declaration, American Golf relies upon *Samms v. Autumn Run Community Improvement Ass'n Inc.,* 23 S.W.3d 398 (Tex.App.—Houston [1st Dist.] 2000, pet. denied). *Samms* and the cases it cites stand for the proposition, rooted in the Texas Property Code, that restrictive covenants are to be construed liberally in order to give effect to their purpose and intent. *Id.* at 402 (citing *Boudreaux Civic Ass'n v. Cox,* 882 S.W.2d 543, 547 (Tex.App.—Houston [1st

Dist.] 1994, no writ)). *See also* Tex. Prop. Code § 202.003.

*Samms* involved a bona-fide maintenance fee coupled with an explicitly granted blanket power to alter the fee at the discretion of the charging entity. These are not the facts or terms presented here. Because the Minimum Spending Fees are not "dues" as that term is defined in paragraph 4(a),[2] the trial court correctly held their levy upon the Colburns to be unauthorized under the Declaration. Accordingly, we overrule American Golf's second and third issues.

## New Terms in the Declaration— Issue One

■ The trial court held that "The Club has the right to set the prices for the food and beverages and other goods and services which it sells. If Plaintiffs avail themselves to food and/or beverage service by the Club, then the Club may impose upon Plaintiffs a food and beverage minimum charge." On appeal, American Golf submits that this holding constitutes an erroneous insertion of new terms into the Declaration. We interpret the trial court's ruling differently and disagree.

The court's ruling means that the Club may, like any other business, in the exercise of its free right to contract, set prices for the goods it sells. Neither party claimed at the trial court or here on appeal that the trial court was charged with construing contract rights beyond those deriving from the Declaration. American Golf, through the Club, may choose to impose a Minimum Spending Fee. Such a fee, however, cannot be levied as "dues" under the Declaration. To the extent the trial

---

1. Even if these fees were "dues," any increase would, under the clear language of the Declaration, require justification by comparison with the Consumer Price Index (CPI). These fees bear no relation to the CPI.

2. Dues are defined as "athletic and social *membership* dues." (emphasis added)

court's ruling may be read to hold, as a matter of contract outside of the Declaration, that the Minimum Spending Fee is appropriately levied when patrons "avail themselves to food," such holding was dicta and is without precedential value.

The trial court also correctly held that the term "other Club charges" used in paragraph 4(d) of the Declaration means "charges for goods and services purchased from the Club voluntarily by members." The Club might choose to charge a Minimum Spending Fee, and should members incur the fee (outside of the Declaration) by virtue of making purchases at the club, then the fee could arguably be enforced through paragraph 4(d) of the Declaration. Thus, while the collection of such a fee through the Declaration's lien mechanism may be authorized, the direct levy of the fee as a mandatory charge is clearly not. The court's ruling creates no new terms and is correct as a matter of law. We overrule American Golf's first issue.

### Unpaid Minimum Charges and Attorneys' Fees—Issues Four and Five

Because we affirm the trial court's holding that the fees at issue were unauthorized under the Declaration, we also overrule American Golf's contention that the lower court erred in failing to award American Golf past Minimum Spending Fees allegedly owed by the Colburns.

■ For the same reason, American Golf is not entitled to an award of attorney's fees. *See* Tex. Prop.Code § 5.006(a). Because American Golf is not the prevailing party, it was not entitled to recover it's attorneys' fees. *Id.* The mandatory award of fees in Section 5.0006(a) should have gone to the Colburns. However, because the Colburns do not appeal the denial of fees, they waive recovery. We overrule American Golf's fourth and fifth issues.

Accordingly, the judgment of the trial court is affirmed.