Affirmed and Memorandum Opinion filed September 28, 2004









Affirmed and Memorandum Opinion filed September 28,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00423-CV

____________

 

RICHARD HENSLEY
and JOHN FREEMAN, Appellants

 

V.

 

VILLAGE OF TIKI
ISLAND, ROBERT SCHEFFLER, SUSAN SCHEFFLER, TIKI ISLAND CIVIC ASSOCIATION, FRANK
TROMBATORE, JERRY DRYDEN, SHERI COLEMAN, CHARLES PETERS, LESTER MARTIN, and
GWEN SHULTEA,
Appellees

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No.  02CV1126

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Richard Hensley and John
Freeman (collectively, Hensley), appeal the trial court=s granting of
summary judgment in favor of appellees, Village of Tiki Island (the Village),
Robert and Susan Scheffler (the Schefflers), Tiki Island Civic Association (the
Association), and Frank Trombatore, Jerry Dryden, Sheri Coleman, Charles
Peters, Lester Martin, and Gwen Schultea (collectively, the Directors).  We affirm.








                                         I.  Factual Background

Hensley and the
Schefflers are residents of Section I of the Village of Tiki Island, a Class B
General Law Municipality.  In May 2002,
the Schefflers installed a 110 gallon propane tank on their property to heat a
swimming pool.  On June 24, 2002, the
Schefflers applied to the Village for a permit to install the propane
tank.  On September 19, 2002, the
Association granted the Schefflers a variance with regard to the installation
of the propane tank on their property. 
On September 25, 2002, the Village approved the Schefflers= application and
granted a permit to install the propane tank. 


On September 26, 2002, Hensley sued
appellees over the installation of the propane tank on the Schefflers= property.  Hensley alleged the propane tank was
installed in violation of Section I deed restrictions and Village Ordinance
6-85-1.  

Article III, Section 17 of the AModification of
Covenants, Reservations and Restrictions of Section I, Tiki Island Subdivision@ prohibits the use
of propane tanks, except under specific circumstances:

The use of liquid
petroleum products, (propane, butane, etc.) is prohibited, except for those
which (1) are not in a permanently-installed container, (2) are used outside
the building for cooking, fogging, or similar uses, and (3) are used inside the
building to protect against freezing weather.








Village Ordinance 6-85-1 (passed and approved on June 6,
1985) prohibited the installation of liquid petroleum gas tanks over ten
gallons in size.[1]  Ordinance 6-85-1 was amended on February 11,
1986 (Ordinance 2-86-1), to provide for the installation of liquid petroleum
gas tanks larger than 10 gallons that satisfied certain specified conditions
for such installation.  Ordinance 2-86-1
was codified without changes and is currently found at Article 7.600 of the
Tiki Island Code of Ordinances.  Article
7.601 allows for the installation of liquefied petroleum gas storage tanks on
Village property if they are 

. . . anchored to
a reinforced concrete foundation that is one and one-half (1-1/2) times the
weight of the container full of water. 
Anchors shall be equally spaced and adequately bolted to the tank and
embedded 8 inches into the concrete foundation to resist a pull-out load of one
and one-half (1-1/2) times the weight of the container full of water.  

Further conditions for the installation of propane tanks
include the use of a shut-off device; compliance with Texas Railroad Commission
rules, laws, and regulations; compliance with the Village Building Code; and
that it not be unsightly.  Article 7.605
requires for a permit for the installation of a propane tank:

It shall be
unlawful for any person, persons, firm, association, or corporation to place
any liquefied petroleum gas storage container on any lot or plot within the
corporate limits of the Village of Tiki Island, Texas, until a permit has been
issued.  A permit shall be issued by the
Building Inspector conditioned upon compliance with the terms of this article.
. . .

Article VI, Section 5 of the deed restrictions expressly
directs in the event of a conflict between the deed restrictions and the
Village ordinances, the Village ordinances control:








In the event an ordinance, regulation, or charter provision
of the Village of Tiki Island or of any governmental entity succeeding thereto
shall conflict with any of the provisions contained herein, such ordinance,
regulation, or charter provision shall take precedence and be controlling over
the provisions contained herein.  

Hensley complains that the Schefflers did
not obtain a permit prior to installing the propane tank and that the tank was
installed in violation of deed restrictions and Village ordinances.  Hensley sought a temporary injunction,
requesting that the trial court order appellees to comply with applicable law
and to remove the propane tank from the Schefflers= property.  

Hensley also requested a permanent injunction specifically
requesting that the trial court order:

$        the Association to withdraw any and all
acts in violation of the deed restrictions with regard to the Schefflers= propane tank;

$        the Village to withdraw any and all acts
in violation of ordinances 6-85-1 and 2-86-1 regarding the Schefflers= propane tank;

$        the Association to withdraw, nullify,
and void the variance issued to the Schefflers on September 19, 2002;

$        the Schefflers to remove the 110 gallon
propane tank from their property; and

$        the Directors not to issue variances
permitting propane tanks in violation of the deed restrictions.

Hensley also sought a declaratory judgment that:

$        the Directors failed to perform their
duty to uphold deed restriction 17, which prohibited the use of propane tanks;

$        Village officials failed to perform
their duties by not enforcing ordinance 6-85-1, as amended by ordinance 2-86-1,
and by not requiring the Schefflers to remove the illegal propane tank from
their property;

$        the acts of the Directors, with prior
knowledge of the open violation of the deed restrictions, in granting a
variance were arbitrary, capricious, illegal, and an intentional violation of
the Association=s amended by-laws and, therefore, are null
and void; and 








$        the acts of the Directors were
deliberate, dishonest, and wrongful, and the resulting variance is null and
void. 

Seeking damages from the Directors
personally, Hensley alleges the issuance of variances without just and legal
cause attacks the integrity of the deed restrictions and reduces the protection
afforded by the deed restrictions, thus, lowering the value of the property and
placing people at risk.  Hensley also
asserts a claim for breach of contract against the Directors.  Hensley alleges that because he has paid dues
to the Association in the form of yearly maintenance fees with the legal and
reasonable expectation that the Association would protect and uphold deed
restrictions, the Directors breached their contractual agreement him by
granting a variance in violation of section 17 of the deed restrictions.  Hensley contends that by granting a variance
in violation of section 17 of the deed, the Directors jeopardized the safety and
welfare of the property owners and caused a decrease in property values.  

Hensley also seeks $10,000 in exemplary
damages from each Director on the basis that the granting of the variance in
violation of section 17 of the deed restrictions was (1) willful, arbitrary,
capricious, and in callous disregard of their duty to uphold the deed
restrictions; and (2) an abuse of the regulatory powers afforded by Association
by-laws and deed restrictions.  

Seeking damages from the Schefflers,
Hensley alleges that by their deliberate and wanton disregard of deed
restrictions and Village ordinances, the Schefflers have brought about damages
to other property holders in Section I and have created a dangerous instrument
in the community because the propane tank will float in a flood or storm event,
potentially causing injury to property and people.  Hensley also seeks $10,000 in exemplary
damages from the Schefflers because installing the propane tank in violation of
deed restrictions and Village ordinances was willful.








All defendants moved for summary judgment.[2]  The trial court granted the Association and
Directors=, the Schefflers=, and the Village=s respective
motions for summary judgment.[3]  In addition, the trial court awarded the
Schefflers attorney fees in the amount of $6400, and the Village attorney fees
in the amount of $5,000.  The trial court
granted Hensley=s motion to take judicial notice of
Village ordinances, Section I deed restrictions, and Association by-laws.  

                      II.  Summary Judgment Standard of Review

To prevail on a motion for summary
judgment, a defendant must establish that no material fact issue exists and
that it is entitled to judgment as a matter of law.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222 (Tex. 1999).  Once the
defendant establishes that no genuine issue of material fact exists regarding
an element of the plaintiff=s claim, the
plaintiffs must present competent summary judgment evidence raising a fact
issue on that element.  Guest v.
Cochrane, 993 S.W.2d 397, 401 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  In conducting our
review of the summary judgment, we take as true all evidence favorable to the
nonmovants, and make all reasonable inferences in the nonmovant=s favor.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant, as movant, is entitled to summary
judgment if it either disproves at least one essential element of each of the
plaintiff=s causes of action or establishes all the
elements of an affirmative defense.  American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 








On review of a no-evidence summary
judgment, we consider the evidence in the light most favorable to the
nonmovants and disregard all evidence and inferences to the contrary.  Blan v. Ali, 7 S.W.3d 741, 747 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.).  A no-evidence
summary judgment is properly granted if the respondent fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact as to an essential element of the respondent=s case.  Tex.
R. Civ. P. 166a(i); Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d
140, 146 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.  Isbell
v. Ryan, 983 S.W.2d 335, 338 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  Although the
nonmoving party is not required to marshal its proof, it must present evidence
that raises a genuine fact issue on the challenged elements.  Baty v. ProTech Ins. Co., 63 S.W.3d
841, 847 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  

                   III.  Declaratory Judgment Standard of Review

The purpose of the Uniform Declaratory
Judgment Act is to settle and afford relief from uncertainty and insecurity
with respect to rights, status, and other legal relations.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.002 (Vernon
1997).  The declaratory judgment act does
not confer jurisdiction on the trial court, but rather, makes available the
remedy of a declaratory judgment for a cause of action already within the court=s jurisdiction.  State v. Morales, 869 S.W.2d 941, 947
(Tex. 1994).  A declaratory judgment is
appropriate only if a justiciable controversy exists as to the rights and
status of the parties and the controversy will be resolved by the declaration
sought.  Bonham State Bank v. Beadle,
907 S.W.2d 465, 467 (Tex. 1995).  Texas
courts do not have the authority to render judgments that merely constitute
advisory opinions.  Patterson v.
Planned Parenthood of Houston & S.E. Tex., Inc., 971 S.W.2d 439, 443
(Tex. 1998).  An opinion is advisory when
the judgment sought would not constitute specific relief to a litigant or
affect legal relations.  Brinkley v.
Texas Lottery Comm=n, 986 S.W.2d 764, 767 (Tex. App.CAustin 1999, no
pet.). 








                                                IV.  The Village

                                                    A.  Standing

The Village moved for summary judgment on
the grounds that  (1) its building
inspector had no authority to deny the Schefflers= application for a
permit for a propane tank because deed restrictions are not within the province
of its police power; (2) it has no authority to remove the propane tank because
only a fine may be imposed for a violation of article 7.600; (3) there is no
evidence that it violated its own ordinances; and (4) the trial court has no
authority to order it to withdraw its lawful exercise of police power under the
separation of powers doctrine.  

The Village also sought declaratory
judgment that (1) article 7.600 does not authorize it to remove the Schefflers= propane tank; (2)
it has the power and authority pursuant to article 7.600 to grant the
Schefflers a permit to install a propane tank on their property; and (3) its
officials performed their duties by enforcing applicable ordinances.  

On appeal, the Village argues Hensley
lacks standing because he has not alleged and cannot show that he suffered an
injury unique to him rather than an injury suffered by all Section I residents.  We agree. 
Although the Village did not present this as a ground in its motion for
summary judgment, standing, as an element of subject matter jurisdiction,
cannot be waived but may be raised for the first time on appeal.  Texas Ass=n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 445B46 (Tex.
1993).  








The doctrine of standing identifies suits
appropriate for judicial determination.  Brown
v. Todd, 53 S.W.3d 297, 305 (Tex. 2001). 
AThe general test
for standing in Texas requires that there >(a) shall be a
real controversy between the parties, which (b) will be actually determined by
the judicial declaration sought.=@  Texas Ass=n of Bus., 852 S.W.2d at
445B46 (quoting Board
of Water Eng=rs. v. City of San Antonio, 155 Tex. 111,
114, 283 S.W.2d 722, 724 (1955)).  Unless
standing is conferred by statute, a plaintiff must demonstrate that he Apossesses an
interest in a conflict distinct from that of the general public, such that the
defendant=s actions have caused the plaintiff some
particular injury.@  Williams
v. Lara, 52 S.W.3d 171, 178B79 (Tex.
2001).  It is the plaintiff=s burden to allege
facts affirmatively demonstrating the trial court=s jurisdiction to
hear his case.  Texas Ass=n of Bus., 852 S.W.2d at
445B46.  Standing is a question of law subject to de
novo review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 


With respect to the Village, Hensley has
not alleged any injury to himself. 
Hensley merely states in his petition that a Atemporary
injunction will preserve the status quo and protect the property rights of the citizens
of Section I, Tiki Island until trial on the merits.@[4]  With respect to the other appellees, Hensley
has not alleged any injury peculiar to himself, but has specifically alleged
injury to all Section I property owners: 
the various actions of the appellees have resulted in the Alowering the value
of the property in Section I and placing people in Section I at
risk,@ and Ahave brought about
damage to other property holders in Section I.@[5]  

Thus, we conclude that in the absence of
an allegation of any injury particular to Hensley, he has no standing to
maintain his action to enjoin the Village or his declaratory judgment action
against the Village, and overrule this issue. 

                                               B.  Attorney Fees








Hensley complains the Village attached no
evidence to its motion for summary judgment in support of its claim for
attorney fees on its declaratory judgment action.  To the contrary, the Village filed
simultaneously with its motion for summary judgment, the affidavit of its
attorney, Ellis J. Ortego, in support of its request for attorney fees.  Hensley further asserts in post-submission
briefing that Ortego=s affidavit is defective because it does
not contain the phrase Atrue and correct.@  Hensley, however, did not raise this issue in
his original brief.  An appellant cannot
raise new issues in his reply brief, but may only address those matters raised
in the appellee=s brief. 
Tex. R. App. P. 38.3; Barrios v. State,
27 S.W.3d 313, 322 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d). 
Thus, Hensley has waived this issued by waiting to raise it in his
post-submission briefing rather than in his original brief.  Zamarron v. Shinko Wire Co., Ltd., 125
S.W.3d 132, 139 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied); Barnes v. SWS Fin. Servs., Inc., 97 S.W.3d
759, 761 n.3 (Tex. App.CDallas 2003, no pet.). 

The Declaratory Judgment Act authorizes an
award of reasonable and necessary attorney fees when just and equitable.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997); John G. & Marie Stella Kenedy Memorial Found. v. Dewhurst, 90
S.W.3d 268, 289 (Tex. 2002).  Such an
award falls within the discretion of the trial court, subject to the
requirement that the fees be reasonable and necessary, which are questions of
fact, and equitable and just, which are questions of law.  Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998).  








In his affidavit, Ortego states he
graduated from law school in 1967, and is admitted to practice in Texas; his
office is located in Santa Fe, Texas; he has practiced civil and criminal law
for over 35 years; as part of his practice, he represents municipalities in
Galveston County, Texas; he is familiar with the usual, customary, and
reasonable attorney fees charged in Galveston County for cases of this type; he
has performed at least 30 hours of work; and, in his opinion, $5,000 is a
reasonable fee for services rendered to date in this case.  We find the evidence is sufficient to support
the award of attorney fees to the Village;[6]
therefore, the trial court did not abuse its discretion in awarding attorney
fees.  This issue is overruled.  

                                              V.  The Schefflers

                                                    A.  Standing

The Schefflers moved for summary judgment
on the grounds that (1) article 7.600 controls over any contrary language in
the deed restrictions and permitted the installation of the subject propane
tank; (2) pursuant to article 7.600, the Village had the authority to grant the
Schefflers a permit to install the propane tank on their property; (3) the
propane tank was installed in full compliance with article 7.600; (4) Hensley
lacks standing because the Schefflers obtained a permit from the Village and
properly installed the propane tank; and (5) the Schefflers are not liable in
the capacity in which they were sued because they obtained a permit from the
Village and properly installed the propane tank.  

The Schefflers also sought a declaratory
judgment that (1) article 7.600 controls over any contrary language contained
in the deed restrictions; and (2) the Village had the authority pursuant to
article 7.600 to grant the Schefflers a permit allowing them to install the
propane tank on their property.  

The Schefflers assert Hensley has no
standing to sue them for the installation of the propane tank.  AA private
individual cannot maintain a suit to enjoin the alleged violation of a penal
ordinance, unless the activity complained of results in damages to such person,
peculiar to him, and not common to the public in general.@  See Bolton v. Sparks, 362 S.W.2d 946,
951 (Tex. 1962); Lozano v. Patrician Movement, 483 S.W.2d 369, 371 (Tex.
Civ. App.CSan Antonio 1972, writ ref=d n.r.e.).  








Article 7.605 makes it unlawful for a
person to place any liquified petroleum gas storage container on any lot within
the Village=s corporate limits until a permit has been
issued.  Article 1.106 provides that when
an act is declared to be unlawful, and no specific penalty is provided
therefor, except for certain specific named violations, a violation shall be
punished by a fine not to exceed $500. 
Therefore, article 7.605 is penal in nature.  

In his petition, Hensley alleged the Schefflers 

have brought about damages to the other property holders
in Section I and have created a dangerous instrument in the community that
could cause severe property damage and injury. 
The subject propane tank will float in a flood or storm event and create
a severe threat to Section I property and people.[7]  

Because Hensley did not alleged any injury that only
he sustained, but, instead, asserted that all Section I property owners have
been injured by the Schefflers= action in
installing a propane tank without a permit in violation of article 7.605, he
cannot maintain his suit to enjoin the Schefflers= purported
violation of article 7.600.  See
Bolton, 362 S.W.2d at 951.  This
issue is overruled.  

                             B.  Interpretation of Deed Restrictions

Hensley sought not only to have the
Schefflers remove the propane tank from their property, but he also sought
actual damages on an unspecified cause of action and exemplary damages in the
amount of $10,000 for their violation of the deed restrictions and Village
ordinances.  The Schefflers contend that
the deed restrictions and the Village ordinance are in conflict; in that
situation, the Village ordinance controls. 









Restrictive covenants are subject to the
general rules of contract construction.  Pilarick
v. Emmons, 966 S.W.2d 474, 478 (Tex. 1998). 
In construing a restrictive covenant, the court must attempt to
determine the intent of the framers of the covenant.  American Golf Corp. v. Colburn, 65
S.W.3d 277, 279 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied); Highlands Mgmt. Co. v. First Interstate Bank of
Tex., N.A., 956 S.W.2d 749, 753 (Tex. App.CHouston [14th
Dist.] 1997, writ denied).  We liberally
construe a restrictive covenant to give effect to its purpose and intent.  Tex.
Prop. Code Ann. ' 202.003(a) (Vernon 1995).  Whether a restrictive covenant is ambiguous
is a question of law.  Pilarick,
966 S.W.2d at 478.  

Article VI, section 5 of the deed
restrictions clearly provides that in the event of a conflict between any
Village ordinance and any deed restriction, the Village ordinance Ashall take
precedence and be controlling over the provisions contained herein.@  The parties do not contend that the article
VI, section 5 of the deed restrictions is ambiguous and our review similarly
reveals no ambiguity.  

Hensley argues there is no fatal conflict
between the deed restrictions and the ordinances and suggests the deed
restrictions and ordinances can be harmonized. 
We disagree.  Article III, section
17 of the deed restrictions specifically prohibits the use of propane tanks Aexcept for those
which (1) are not in a permanently-installed container, (2) are used outside
the building for cooking, fogging, or similar uses, and (3) used inside the
building to protect against freezing weather.@  Article 7.601 of the Village ordinances, on
the other hand, places no limitations on the use of propane tanks, but requires
that such tanks be (1) anchored to a reinforced foundation, (2) equipped with a
shut-off device, (3) in compliance with Texas Railroad Commission rules and
regulations, and (4) installed so as not to be Aunsightly.@  Because the deed restriction limits propane
tanks to particulars uses, while the ordinance does not, we conclude the deed
restriction and the ordinance are in conflict and cannot be harmonized.  Thus, Village ordinance 7.601 is controlling
over the deed restriction found at article III, section 17.  








Article 7.600 of the Village code allows
the use of propane tanks.  The Village
granted the Schefflers a permit.  After
the Village granted the Schefflers a permit, they were no longer in violation
of Village ordinances.  Therefore, we
conclude Hensley cannot recover any alleged damages from the Schefflers due to
the installation of the propane tank on their property.  This issue is overruled.  

                                               C.  Attorney Fees

Hensley finally
complains that the trial court abused its discretion in awarding the Schefflers
attorney fees on their declaratory judgment action.  Hensley argues such award was Ainequitable and
unjust@ because (1) as an
interested Village homeowner, he sought construction and enforcement of
ordinances and deed restrictions apparently never subjected before to judicial
review, and (2) the Schefflers were not entitled to summary judgment.  

The construction of the deed restrictions
and the Village ordinances was appropriate for a declaratory judgment
action.  City of Austin v. Pendergrass,
18 S.W.3d 261, 264 (Tex. App.CAustin 2000, no
pet.).  Although section 37.009 of the
Texas Civil Practice & Remedies Code does not require that a party be the
prevailing party in order to be awarded attorney fees, the trial court
construed the subject deed restrictions and Village ordinances favorably to the
Schefflers.  See Barshop v. Medina
County Underground Water Conservation Dist., 925 S.W.2d 618, 637 (Tex.
1996) (explaining award of attorney fees in declaratory judgment actions is
clearly within trial court=s discretion and
is not dependent on finding that party Asubstantially
prevailed@). 
It is within the discretion of the trial court to award attorney fees
under section 37.009.  Bocquet,
972 S.W.2d at 21.  We conclude the award
of attorney fees to the Schefflers is both equitable and just.  Accordingly, the trial court did not abuse
its discretion, and we overrule this issue. 


                           VI.  The Association and the Directors








In addition to seeking to enjoin the
Association and directors= actions, Hensley also brought claims
against the Directors for breach of fiduciary duty and breach of contract.  The Association and the Directors moved for a
traditional summary judgment[8]
on the grounds that (1) Village ordinances control in the event of a conflict
with the deed restrictions, and (2) the Schefflers= tank was
installed in compliance with article 7.600.[9]  

As addressed above, Village ordinance
7.601 is controlling over the deed restriction found at article III, section
17.  Because the Village granted the
Schefflers a permit, we conclude the Association and the Directors did not
breach any fiduciary duties or any contract by their approval of the Schefflers
propane tank.  This issue is overruled.[10]

Accordingly, the judgment of the trial
court is affirmed.

 

 

/s/      J. Harvey Hudson

Justice

 

Judgment
rendered and Memorandum Opinion filed September 28, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Ordinance
6-85-1 provided with regard to possessing or storing propane tanks:

WHEREAS, the Village of Tiki Island, Texas is an island subject to
severe flooding and tidal surge during storms and hurricanes; and

WHEREAS, during Hurricane Alicia in August, 1983,
Liquid Petroleum Gas containers proved to be very buoyant and served as
battering devices causing structural damage to homes located within the Village
of Tiki Island, Texas; and 

WHEREAS, such containers also pose a fire and safety hazard following
the occurrence of a storm or hurricane and should be regulated; . . . 

                                                                    *        *       
*

That it shall be unlawful for any person, persons, firm, association,
or corporation to store, possess, or locate on any property or premises located
within the Village of Tiki Island, Texas, any container designed for the
storage of Liquid Petroleum Gas, commonly known as butane or propane.  This Ordinance shall not apply to containers
of ten gallons or less in size.  





[2]  The
Association and Directors and the Schefflers moved for traditional summary
judgments, while the Village moved for a no-evidence summary judgment.





[3]  Hensley filed
a first amended original petition.  The
Schefflers moved to strike the amended petition (which added a cause of action
for breach of contract)  on the grounds
that (1) it was filed less than seven days before the date set for the hearing
on the motions for summary judgment without first obtaining leave of the trial
court, (2) the petition operated as a surprise, and (3) they would be
prejudiced by the filing of the petition. 
The trial court granted the Schefflers= motion
and ordered Hensley=s first amended original petition stricken.  





[4]  Emphasis
added.





[5]  Emphasis
added.





[6]  Factors that a
fact finder should consider when determining the reasonableness of a fee
include: (1) the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal service
properly; (2) the likelihood that the acceptance of the particular employment
will preclude other employment by the lawyer; (3) the fee customarily charged
in the locality for similar legal services; (4) the amount involved and the
results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with
the client; (7) the experience, reputation, and ability of the lawyer or
lawyers performing the services; and (8) whether the fee is fixed or contingent
on results obtained or uncertainty of collection before the legal services have
been rendered.  Arthur Andersen &
Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof=l Conduct 1.04, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Tex. State Bar R., art. X, '
9)).  These factors are not elements of
proof, but are guidelines to be considered in the determination of the
reasonableness of a fee.  Academy
Corp. v. Interior Buildout & Turnkey Constr., Inc., 21 S.W.3d 732, 742
(Tex. App.CHouston [14th Dist.] 2000, no pet.).  





[7]  Emphasis
added.





[8]  The
Association and the Directors claim on appeal that they brought a no-evidence
motion for summary judgment.  However, a
review of the amended motion for summary judgment does not indicate that it is a
no-evidence summary judgment, but, instead, it appears to be a traditional
summary judgment.  





[9]  On appeal, the
Association and the Directors assert several additional grounds for affirming
the summary judgment, some of which they specifically assert were presented in
their motion.  A review of the record,
however, reveals that the Association and the Directors failed to raise those
additional grounds in their motion for summary judgment.  Although we have disposed of Hensley=s appeal against the Association and the Directors on
the ground that the deed restrictions defer to the ordinances, we note that
those additional grounds not raised in their motion for summary judgment cannot
be considered on appeal as grounds for affirming their summary judgment.  Tex.
R. Civ. P. 166a(c); Stiles v. Resolution Trust Corp., 867 S.W.2d
24, 26 (Tex. 1993).  





[10]  On appeal, the
Association and the Directors bring a cross-point, in which they argue that
they do not have an affirmative duty to enforce the deed restrictions.  Appellants assert that under Rule 25.1(c) of
the Texas Rules of Appellate of Procedure, they may present additional
independent grounds on which to affirm the trial court=s judgment even though they did not file a notice of
appeal.  See Tex. R. App. 25.1(c).  However, the Association and the Directors
did not raise this as an additional and independent ground in its motion for
summary judgment.  It is appropriate to
consider an additional ground for affirmance only where such ground was presented
to the trial court, but the court did not rule on it in the interest of
judicial economy.  Ash v. Hack Branch
Distrib. Co., 54 S.W.3d 401, 409 n.2 (Tex. App.CWaco 2001, pet. denied); Bosque Asset Corp. v.
Greenberg, 19 S.W.3d 514, 520 (Tex. App.CEastland
2000, pet. denied), overruled, in part, on other grounds by Hight v. Dublin
Veterinary Clinic, 22 S.W.3d 614 (Tex. App.CEastland
2000, pet. denied).